Mathew M. LAKOTA, Appellant,

v.

The STATE of Texas, State.

No. 2–93–035–CR.

Court of Appeals of Texas, Fort Worth.

Nov. 23, 1993.

Mathew M. Lakota pro se.

Jennifer Setser Rymell, Asst. County Atty., Weatherford, for appellee.

Before HILL, C.J., and HICKS and FARRAR, JJ.

### OPINION

PER CURIAM.

 Appellant, Mathew M. Lakota, was convicted by a jury in Justice of the Peace Court of the traffic offense of speeding. He filed an appeal bond in an attempt to appeal this conviction to the county court; appellant signed the appeal bond as both principal and surety. Appellant complains of the failure of the trial court to accept his appeal bond.

The Justice of the Peace refused to accept the bond. The stated reason for refusal was "I advised you that the reason I could not approve the bond without sufficient sureties was because in your written motion given to this court on August 17, 1992 you clearly indicated you were indigent, and you were also advised that sureties were needed to send this case to the county court."

Displaying the highest standards of professionalism, the State has confessed error and requests that this court remand the case to the trial court and "mandate the Judge to grant the Defendant's appeal bond."

There is no meaningful distinction between a rule which would deny the poor the right to defend themselves in a trial court and one which effectively denies the poor an ... appellate review accorded to all who have money enough to pay the costs in advance.

*Griffin v. Illinois,* 351 U.S. 12, 18, 76 S.Ct. 585, 590, 100 L.Ed. 891, 898 (1956). An indigent defendant must be given the same opportunity to appeal as a defendant who can pay the costs of the appeal. *Id.* at 18–20, 76 S.Ct. at 590–91, 100 L.Ed. at 898–99. Even when the defendant has been convicted of a petty offense, where the most severe punishment is a fine, he cannot be deprived of his right of appeal due to his inability to pay the costs of such appeal. *Mayer v. City of Chicago,* 404 U.S. 189, 196–99, 92 S.Ct. 410, 415–417, 30 L.Ed.2d 372, 379–81 (1971).

Because the State has confessed error and asked, in effect, that appellant be allowed to proceed in his appeal to county court, we reverse the decision of the trial court and hold the filing of the appeal bond perfected the appeal.